UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | NO. | CR-09-2110-WFN-2 |
| --- | --- | --- | --- |
| Plaintiff, | ) | | CR-09-2110-WFN-4 |
| | ) | | CR-09-2110-WFN-6 |
| -vs- | ) | | CR-09-2110-WFN-10 |
| | ) | | CR-09-2110-WFN-12 |
| DELORES ANN SMARTLOWIT (2), | ) | | CR-09-2110-WFN-13 |
| TAMMY LEE WEBSTER (4), | ) | | CR-09-2110-WFN-14 |
| BRUCE LEROY FLOYD (6), | ) | | CR-09-2110-WFN-16 |
| PATSY RAE FLOYD (10), | ) | | |
| TERRI JEAN LOWRIE (12), | ) | | |
| TONY LEE KISER (13), | ) | | |
| SHAWN DAVID COLLINS (14), and | ) | ORDER | |
| MARY EMILY BALDERAS (16), | ) | | |
| Defendants. | ) | | |

A motion hearing was held March 22, 2010. Assistant United States Attorney Jane Kirk represented the Government. Defendants were present and represented as set out in the table[1] below:

| Defendant Name and No. | C | I | Counsel |
| --- | --- | --- | --- |
| Delores Ann Smartlowit (2) | | | Michael Lynch |
| Tammy Lee Webster (4) | | | Alfred Schweppe |
| Bruce Leroy Floyd (6) | | | Bryan Whitaker |
| Patsy Rae Floyd (10) | | | Troy Lee |
| Terri Jean Lowrie (12) | X | | Blaine Connoughton |
| Tony Lee Kiser (13) | | | Gregory Scott |

---

[1] C = In custody; I = assisted by Court appointed interpreter.

ORDER - 1

| **Defendant Name and No.** | | **C** | **I** | **Counsel** |
|---|---|---|---|---|
| Shawn David Collins | (14) | X | | Richard Smith |
| Mary Emily Balderas | (16) | X | | Brian Sanderson |

The Court addressed Defendants' Motions to Dismiss. This Order only addresses double jeopardy issues, the other issues raised were addressed in a separate Order. At the time of the hearing, the Court addressed the Government's Motion to Dismiss (Ct. Rec. 268). The Court entered an order dismissing Ms. Smartlowit, so she and Mr. Lynch were excused and her Motion is moot. The Court suggested beginning with discussing the Motions of Ms. Balderas, Mr. Collins, and Ms. Lowrie. The Government candidly acknowledged that Ms. Floyd and Mr. Kiser were similarly situated.

The Court has reviewed the file, Motions, and considered oral argument and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

### I. Background

Though double jeopardy issues are individual specific, several Defendants have similar facts supporting their motions. Each Defendant is currently charged with Conspiracy to Distribute over 1,000 kg of marijuana in Count One of the Indictment. All Defendants except Mr. Floyd, and Ms. Webster have previously been charged with conspiracy to possess with intent to distribute marijuana. All Defendants except Ms. Webster and Mr. Floyd entered into plea agreements pleading to conspiracy to import marijuana in the Western District of Texas. Each of those Defendants entered into plea agreements wherein the Government agreed that in exchange for their guilty pleas, the Government would move for dismissal of the remaining counts of the Indictment currently pending against the Defendant at the time of sentencing. The Government apparently followed through on the deals, as the judgments in each of those Defendants' cases reflects that the counts were dismissed. Each

of the overt acts described in the current Indictment describes the acts that Defendants already pled guilty to, albeit, on slightly different charges.

Mary Balderas, Shawn Collins, Terri Lowrie, Patsy Floyd, and Tony Kiser each entered into nearly identical plea agreements. The plea agreements read, "The Defendant, [DEFENDANT'S NAME], agrees to plead guilty to Count one of the Indictment . . . . In exchange, the Government agrees to move for dismissal of the remaining count(s) of the Indictment currently pending against the Defendant at time of sentencing." The defendant waives appeal "up to the maximum allowed by statute" and waives filing a § 2255 in exchange for concessions made by the Government. In a section entitled "Reservation of the Government's Rights," the Government retains the right to present facts to the probation office for the PSR and dispute sentencing factors.

## II. ANALYSIS

The Double Jeopardy clause "guarantees that the State shall not be permitted to make repeated attempts to convict the accused, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . . ." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977) (internal citation omitted). A defendant may be charged under multiple statutes so long as each charge requires proof of an independent fact without running afoul of double jeopardy. *Blockburger v. United States*, 284 U.S. 299 (1932). "The [Double Jeopardy] Clause prohibits the government from splitting a single conspiracy into separate charges and bringing successive prosecutions against a defendant." *United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003). The Government may charge two separate conspiracy counts where those conspiracies rely on different statutes even where the underlying agreement is the same for both conspiracies. *United States v. Arlt*, 252 F.3d 1032, 1035 (9th Cir. 2001).

"To determine whether two conspiracy counts charge the same offence and so place the defendant in double jeopardy, we consider five factors: (1) the differences in the periods

ORDER - 3

# (continued)

of time covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to occur; (3) the persons charged as co-conspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged to have been violated. Rather than focus on any one factor, the court considers all the factors together to determine if there was more than one agreement." *United States v. Smith*, 424 F.3d 992, 1000 (9th Cir. 2005)(citing *United States v. Stoddard,* 111 F.3d,1450, 1454 (9th Cir. 1997).

For the defendants lacking a prior conspiracy charge, Mr. Floyd and Ms. Webster, there is no double jeopardy violation because their prior charges were under different statutes. They have been charged under separate states requires proof of different facts. Their double jeopardy Motions must be dismissed.

As to the remaining Defendants, the Government argues that either (1) the prior dismissed counts were dismissed without prejudice so can be brought again, or (2) even if the prior dismissed counts were dismissed with prejudice, since the prior Indictments charged a conspiracy for possession with intent to distribute and the current Indictment charges a conspiracy to distribute the two conspiracies rely on separate statutes and thus can be charged separately. The Government's first argument is misplaced. Reading the prior plea agreements in conjunction with the judgment undermines the Governments assertion that the dismissed counts on the prior indictments were dismissed without prejudice. The only major concession by the government was the dismissal of counts. To interpret that concession as a dismissal without prejudice would eviscerate any real benefit derived by the defendant for entering into the plea agreement. The fact that the judgments fail to state "with prejudice" does not aid the Government's argument. The judgment is a standard form that court staff completes by filing in blanks and checking boxes. Though there is space to indicate that counts are dismissed on the motion of the Government, there is no place to state that the dismissal is with or without prejudice. To assume that the dismissals are without prejudice because there is no statement as to whether or not

ORDER - 4

prejudice applies would be assume that the court intended to undermine the spirit of the parties' plea agreement.

The Government's second argument is equally unconvincing. The current conspiracy is charged under 18 U.S.C. §841(a)(1) and 18 U.S.C. §846. The Defendants' prior conspiracies were charged under the exact same statutes and sections. The statutes underlying both conspiracies are identical and, as candidly acknowledged by the Government, rely on the same agreement.

Aside from the argument regarding the underlying statute, the Government acknowledged the conspiracies charged for each Defendant were identical to their prior charge, so the Court need not examine the factors listed above. Thus, the Court concludes that the current Indictment violates Defendants Patsy Rae Floyd, Tony Lee Kiser, Shawn Collins, Terry Jean Lowrie, and Mary Emily Balderas's constitutional guarantee against double jeopardy. Accordingly,

**IT IS ORDERED** that:

1. Defendant Balderas's Motion to Dismiss, filed February 13, 2010 , **Ct. Rec. 203**, is **GRANTED.**

2. Defendant Collins's Motion to Dismiss, filed February 16, 2010, **Ct. Rec. 208**, is **GRANTED**.

3. Defendant Lowrie's Motion to Dismiss, filed February 18, 2010, **Ct. Rec. 211**, is **GRANTED**.

4. Defendant Kiser's Motion to Dismiss on Double Jeopardy Grounds, filed March 8, 2010, **Ct. Rec. 226**, is **GRANTED**.

5. Defendant Kiser's Motion to Dismiss for Multiplicity, filed March 17, 2010, **Ct. Rec. 251**, is **DENIED AS MOOT.**

6. Defendant Patsy Floyd's Motion to Dismiss, filed March 8, 2010, **Ct. Rec. 231**, is **GRANTED**.

7. The Indictment shall be **DISMISSED WITH PREJUDICE** as to the following Defendants:

    (a)   PATSY RAE FLOYD (10),

    (b)   TERRI JEAN LOWRIE (12),

    (c)   TONY LEE KISER (13),

    (d)   SHAWN DAVID COLLINS (14), and

    (e)   MARY EMILY BALDERAS (16),

8. Defendants Bruce Floyd and Tammy Webster's Motions to Dismiss remain pending and are subject to additional briefing as laid out in a separate order. However, their double jeopardy claims are denied.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 25th day of March, 2010.

03-25

                                            s/ Wm. Fremming Nielsen
                                            WM. FREMMING NIELSEN
                                SENIOR UNITED STATES DISTRICT JUDGE